**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04623-NYW

RANDI PEREZ GOMEZ,

Petitioner,

v.

JUAN BALTAZAR, and
GEORGE VALDEZ,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 5], and Petitioner has replied, [Doc. 6]. For the following reasons, the Petition is **GRANTED in part**.

## BACKGROUND

Petitioner Randi Perez Gomez ("Petitioner" or "Mr. Perez Gomez") is a citizen of Venezuela who has been in the United States since 2024. [Doc. 1 at ¶ 25]. He turned himself in at the border and was placed into the Alternatives to Detention ("ATD") Intensive Supervision Appearance Program ("ISAP"). [*Id.* at ¶¶ 1, 25]. He complied with all ATD conditions, but on September 9, 2026, Petitioner was detained by ICE at a regular check-in. [*Id.* at ¶ 2]. Petitioner was told by ICE agents that his arrest was due to his failure to attend seven ISAP check-ins even though he had "always attended his appointments, always submitted his required photograph through the ATD phone application, and always

attended all house visits, in compliance with the ATD program." [*Id.*].

Mr. Perez Gomez brings three claims: (1) a due process claim based on the revocation of his release "without a meaningful opportunity to respond," [*id.* at ¶¶ 45–48]; (2) a due process claim based on his detention without a legitimate, individualized justification, [*id.* at ¶¶ 50–56]; and (3) a procedural due process claim based on Petitioner's warrantless arrest, [*id.* at ¶¶ 57–61]. He asks the Court to order his immediate release. [*Id.* at 15]. Respondents declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 5 at 1]. Respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief, including Petitioner's release." [*Id.* at 1–2].

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Respondents do not dispute that Petitioner's detention violates his due process rights. *See* [Doc. 5]. Upon review of the Petition and applicable case law, the Court agrees with Petitioner that the revocation of his supervision without notice or an

opportunity to respond violated his due process rights, and it limits its analysis accordingly.

Courts determine "the type of process required in a given case" using the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (quoting *Marin v. King*, 720 F. App'x 923, 940–41 (10th Cir. 2018)); *see also Ba v. Hagan*, No. 26-cv-04047-PAB, 2026 WL 2654063, at *1 (D. Colo. Sept. 9, 2026) (another court in this District analyzing a similar case using the *Mathews* factors).[1] Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest—freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)

---

[1] Courts in this District have recognized that, in certain circumstances, administrative regulations impose requirements that must be met before a non-citizen's supervision or parole is revoked and that a violation of ICE regulations constitutes a due process violation. *See, e.g.*, *Hernandez Lopez v. Baltazar*, No. 26-cv-03929-NYW, 2026 WL 2754083, at *2 (D. Colo. Sept. 17, 2026); *Rojas-Ospina v. Baltazar*, No. 26-cv-02075-NYW, 2026 WL 1601680, at *2–3 (D. Colo. June 4, 2026). Petitioner does not argue that any particular regulations apply to the revocation of his supervision, *see generally* [Doc. 1], so the Court does not address this issue, *United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) (a court cannot make arguments on behalf of a party).

(describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This weighs in favor of Petitioner. *Ba*, 2026 WL 2654063, at *1.

Relevant to the second *Mathews* factor "is the fact that [Mr. Perez Gomez] was previously released on his own recognizance." *Id.* This necessarily required a finding that Petitioner was not a danger to the community or a flight risk. *See id.*; *see also Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) (finding that the risk of erroneous deprivation was "considerable" where it "appear[ed] to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"). Furthermore, Petitioner alleges that the stated basis for the revocation—missing ISAP check-ins—is inaccurate because he has "always attended his appointments." [Doc. 1 at ¶ 2]. Respondents do not contest this assertion. [Doc. 5]. The risk of erroneous deprivation when supervision is revoked based on unverified and disputed allegations and the petitioner is given no opportunity to contest those allegations is high. This factor weighs in favor of Mr. Perez Gomez. *Ba*, 2026 WL 2654063, at *1.

Finally, the Court considers the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens in play. *See* [Doc. 5]. This Court agrees with other courts concluding that "the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies [Mr. Perez Gomez's] re-detention is low when compared to [his] interest in being free from the erroneous deprivation of [his] liberty." *Ba*, 2026 WL 2654063, at *2; *see also Ekenge*,

2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue." (cleaned up)).

Weighing the *Mathews* factors, the Court finds that Petitioner's due process rights were violated. Respondents provide no argument to the contrary and have thus waived any argument in opposition. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."). The Court **GRANTS** the Petition and **ORDERS** that Petitioner be immediately released **within 48 hours of the entry of this Order**. *See Ba*, 2026 WL 2654063, at *2. On or before **October 8, 2026**, the Parties shall file a joint status report confirming compliance with this Order and informing the Court whether any further proceedings are required.

**CONCLUSION**

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Respondents **SHALL RELEASE** Petitioner within **48 hours of the entry of this Order** with all of his personal property; and

(3) On or before **October 8, 2026**, the Parties shall file a joint status report confirming compliance with this Order and informing the Court whether any further proceedings in this case are required.

DATED: October 1, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge